UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **In the matter of an Application to Enforce Administrative Subpoena of the** | ) ) ) ) | |
| **UNITED STATES COMMODITY FUTURES TRADING COMMISSION,** | ) ) ) ) | |
| Applicant, | ) ) | Misc. No. 05-235 (RCL) |
| v. | ) ) | |
| **THE MCGRAW-HILL COMPANIES, INC.,** | ) ) ) ) | |
| Respondent. | ) ) | |

**MEMORANDUM OPINION**

This matter comes before this Court on Respondent's Motion [16] to Clarify this Court's October 4, 2005 Order. In that Order, The McGraw-Hill Companies, Inc. ("McGraw-Hill"), was ordered to comply with an administrative subpoena *duces tecum* issued by the Commodities Futures Trading Commission ("CFTC"), as modified by this Court. Respondent now returns to this Court in search of an order clarifying and further modifying the same subpoena, as well as ordering the imposition of a protective order. The CFTC filed an Opposition [17] on November 7, 2005, and McGraw-Hill filed its Reply [19] on November 14, 2005. Upon a thorough review of each party's filings, the applicable law and the entire record herein, this Court finds that Respondent's Motion [16] to Clarify this Court's October 4, 2005 Order shall be DENIED.

## I. BACKGROUND

In brief,[1] McGraw-Hill resists compliance with an administrative subpoena requiring it to provide numerous documents to the CFTC. The CFTC requested the documents as part of its investigation of an energy marketing company ("Energy Company")[2] suspected of reporting false price data in an effort to affect market prices. The Company allegedly reported the false data to Platts, a division of McGraw-Hill, which publishes a wide range of energy industry information. The Energy Company allegedly did so knowing that its false data would alter the price indices that Platts publishes, which industry players then use to set prices for transactions going forward. The suspected false reporting, if it occurred, constitutes a violation of the Commodities Exchange Act ("Act"). The subpoena requests documents that will enable the CFTC to identify (and/or confirm) instances of false reports over a three-year period and to demonstrate how those reports might have impacted market prices.

McGraw-Hill objected to the subpoena on the basis that the reporter's privilege protected it from having to reveal confidential information received from its sources and that the CFTC had not made the showing of need and exhaustion of alternative sources required to overcome the privilege. In the alternative, McGraw-Hill argued that the subpoena was overly broad and unduly burdensome.

In its October 4, 2005 Memorandum Opinion ("Opinion"), *U.S. Commodity Futures Trading Comm'n v. McGraw-Hill, Inc.*, 390 F. Supp. 2d 27, 30-31 (D.D.C. 2005) (Lamberth, J.),

---

[1] For a more thorough recounting of the facts underlying the initial dispute, see *U.S. Commodity Futures Trading Comm'n v. McGraw-Hill, Inc.*, 390 F. Supp. 2d 27, 30-31 (D.D.C. 2005) (Lamberth, J.).

[2] As noted in the Opinion and Order, the name of Energy Company has been redacted from all public filings to protect its identity and reputation while the investigation is still ongoing. *Id.* at 30 n.2.

this Court found that, while Platts was entitled to claim the privilege, the privilege was overcome by the public interest in the CFTC's investigation. *Id*. at 32-35. In the Order accompanying the Opinion ("Order"), this Court modified three of the subpoena's document requests in accordance with McGraw-Hill's complaints that they were so broad as to be unduly burdensome. *Id*. at 38. The remainder of the subpoena, however, was found to be reasonable and thus enforceable as written. *Id*. at 35.

McGraw-Hill now moves this Court, pursuant to Federal Rule of Civil Procedure 59(e), to amend and clarify its Order "so as to conform the October Order with the findings set forth in the October 4 Memorandum Opinion." (Mot. 1; Mem. P. & A. 5.) Specifically, McGraw-Hill requests that this Court limit the subpoena to information that the Opinion deemed was necessary to the CFTC's investigation (Mem. P. & A. 2, 5-9) and to issue a protective order (*id.* at 3, 13-15). Failure to do so, McGraw-Hill argues, would "be clear error and would constitute a manifestly unjust intrusion of McGraw-Hill's reporter's privilege." (*Id.* at 2.)

The CFTC opposes the motion and claims that it merely reiterates McGraw-Hill's initial claims that the subpoena was too broad and unduly burdensome. (Opp'n 1-4.) The CFTC also believes that the proposed protective order is duplicative of protections already afforded under the Act as well as so broad that it would impermissibly limit the CFTC's use of the information. (*Id.* at 9-14.)

Upon a thorough review of each parties' filings, the applicable law and the entire record herein, this Court finds that Respondent's Motion [16] to Clarify and for a Protective Order shall be DENIED.

## II. DISCUSSION

A court may grant a motion for reconsideration under Federal Rule of Civil Procedure 59(e) when there is an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). The Court will deny the motion, however, if the movant uses the motion to argue theories that were or could have been presented in the initial matter. *Taylor v. DOJ*, 268 F. Supp. 2d 34, 35 (D.D.C. 2003) (citing *Kattan v. District of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993)). The strictness with which such motions are viewed is justified by the need to protect both the integrity of the adversarial process in which parties are expected to bring all arguments before the court, and the ability of parties and others to rely on the finality of judgments. In light of the foregoing, motions for reconsideration are rarely granted by this Court.

McGraw-Hill does not direct this Court to any change in controlling law since the Order was issued; nor does it assert that new evidence has become available. Rather, the basis for its motion is the "need to correct a clear error or prevent manifest injustice." (Mem. P. & A. 1.) The error alleged, in a nutshell, is that this Court did not narrow the subpoena enough, given its findings regarding the CFTC's needs for the information. (*Id*. at 2.)

McGraw-Hill makes two proposals to cure the claimed error. First, it limits the transactions, hubs and days called for by the subpoena. (Mem. P. & A. 2-3.) Second, it proposes a procedure for compliance with the subpoena, under which it and the CFTC would exchange information and documents in four stages, at the conclusion of which McGraw-Hill will have fully complied with the twice-modified subpoena. (*Id.*) According to the deadlines suggested by McGraw-Hill, this Court estimates that the time between initiation of the process and full

compliance with the subpoena's requests for monthly and daily price indices could easily exceed 180 days.[3]

This process, including the narrowed scope of the subpoena, should displace the subpoena as modified by this Court, McGraw-Hill contends, because it satisfies this Court's determination of the CFTC's investigatory needs (*id.* at 5-9), and because providing the smaller amount of information incrementally and in response to specified prompts reduces the intrusion on McGraw-Hill's privilege (*id.* at 4). The CFTC should not object now because, at the September 27, 2005 hearing, it expressed a willingness to "work with" McGraw-Hill "to facilitate the review" of documents potentially responsive to the subpoena. (*Id.* at 2 n.2.) Similarly, McGraw-Hill argues that the CFTC previously supported the entry of a protective order. (Mem. P. & A. 2-3, 5-6.) After outlining the above proposal, McGraw-Hill leads this Court once again through each of the subpoena's document requests, identifying why each request is duplicative of other requests, outside the scope of the investigation, overly broad, impossible to comply with, or has already been complied with.

The CFTC opposes McGraw-Hill's motion on the basis that it merely restates arguments already presented (Opp'n at 3-4) and that the subpoena's requests remain relevant to the investigation (Opp'n at 4-8). Noting that McGraw-Hill's objections as to relevance and scope already have been considered and ruled on by this Court, the CFTC suggests that McGraw-Hill is using Rule 59(e) impermissibly to take a "second bite at the apple." (*Id.* at 4.)

---

[3] This Court determined the estimate by performing the following calculations: McGraw-Hill granted itself 30 days to complete each of the second and fourth stages (Mem. P. & A. 2-3), to which this Court added 15 days for the CFTC's action in the first and third stages, resulting in a 90-day total for the entire four-step process. The 90-day estimate then must be doubled because the entire four-step process would have to be repeated if McGraw-Hill were to provide data from both its daily and monthly indices. (*Id.* at 3.)

This Court first notes that it already found the CFTC's needs sufficiently strong to justify the subpoena's scope. *U.S. Commodity Futures Trading Comm'n v. McGraw-Hill, Inc.*, 390 F. Supp. 2d at 34-35. In response to McGraw-Hill's initial objections to the subpoena, the CFTC explained why the information it requested was pertinent to its investigation of the specific laws it suspected Energy Company had violated. Specifically, the CFTC was investigating the submission of false trade data to Platts, and the information it requested was found to be sufficiently central to that need, in addition to its exhaustion of alternative sources, to justify abrogation of the reporter's privilege in favor of compliance with the subpoena. *Id*. The modified subpoena calls for information and documents relating to Energy Company's submission of trade data to Platts for the period under investigation. Such information was found to be, and remains, relevant to the question whether Energy Company submitted false data and if so, what effect it might have had on the market. In short, this Court still believes that the subpoena, as modified by the Order, is consistent with the investigatory needs of the CFTC. Thus, it declines to find that its Order was in clear error or that it must be amended to prevent manifest injustice.

Second, the Opinion's discussion of the CFTC's investigatory needs did not purport to be exhaustive or exclusive. This Court considered the CFTC's need for the information to the extent that the parties then litigated it. Neither the parties nor the Court engaged in the kind of detailed discussion that McGraw-Hill now seeks to initiate. The CFTC's expanded discussion of its needs in its Opposition to the Motion to Clarify reveals the complex nature of the investigation and further buttresses the reasonableness of the subpoena.

In accordance with the foregoing, this Court finds that much of McGraw's present motion

reiterates arguments already made and ruled upon by this Court, and as such are not permitted in a Rule 59(e) motion.  Generally, the new requests differ only in that they are more specific than those initially made.  Its request for a protective order, for example, was raised briefly in the hearing on the initial motion, but never followed up with a specific request.  McGraw-Hill offers no explanation for its failure to seek, in the original action, a protective order.  Similarly, it is not clear why it did not then submit its proposal for the four-part procedure and specific revision of the subpoena's language.  Nothing prevented McGraw-Hill from opposing the motion to compel compliance with the subpoena, as it did, and contemporaneously moving in the alternative to modify the subpoena and for a protective order.  Had it done so, this Court would have been better able to deliberate in light of each party's position as to all of the issues under review, to wit: whether to grant the motion to compel, and if so, whether and how to modify the subpoena; and whether to issue a protective order, and if so, how to determine its content.

   That the CFTC's investigation already has been virtually on hold pending the outcome of its motion to compel – partly because McGraw-Hill resisted any compliance whatsoever with the subpoena – only heightens the showing that this Court would require in order to further delay compliance.  As this Court previously recognized in granting the motion to compel, the public interest in truthful news reporting and in the timely progression of the CFTC's investigation is strong.  Since McGraw-Hill has not shown good cause for further delay, the investigation should be allowed to continue.

   As a final note, this Court notes with approval that the parties have engaged in numerous negotiations, prior to and since issuance of the Order, in an effort to minimize the burden on McGraw-Hill without compromising the CFTC's investigation.  This Court applauds those

efforts on both sides and encourages the parties to continue to work together in good faith toward the common goal of protecting the public interest in truthful news reporting.

### III.  CONCLUSION

For the foregoing reasons, this Court finds that Respondent's Motion [16] to clarify and for a protective order shall be DENIED.

A separate Order shall issue this date.

Signed by Royce C. Lamberth, United States District Judge, December 2, 2005.